### BOGARDUS et v KORONCAI

Ohio Appeals, 9th Dist, Summit Co

No 2925. Decided Feb. 14, 1938

Harter, Olds & Jarboe, Akron, for appellees.

Schnee & Belden, Akron, for appellant.

### OPINION

By DOYLE, J.

This case is before this court upon appeal on questions of law, and involves the legality of a judgment rendered by the trial court upon a special verdict.

The jury found in its verdict that the appellee herein was entitled to compensatory damages in the sum of $200, and exemplary damages in the amount of $650. With the consent of counsel, the trial court remitted $150 of the jury's award of $200 for compensatory damages and rendered a judgment on the verdict for $50 compensatory damages, and specifically rendered a judgment for exemplary damages in the sum of $650.

We have carefully read the entire record and have considered the briefs submitted by both sides. Our study of the case persuades us that the judgment of $650 for exemplary damages is contrary to law, and that the judgment of $50 for compensatory damages is sustained by the undisputed evidence.

It was the claim of the appellees that they were the owners of certain real property; that at the time in question one John K. Gyuricza occupied said premises by virtue of a lease from them; and that, while the said tenant was peacefully conducting his business upon their premises, the appellant, with other men who were acting under his direction and control, "unlawfully, wilfully and maliciously, and with great force and violence and in utter disregard of the rights and property of the appellees," seriously damaged their property while in the act of removing various fixtures used in connection with their tenant's business.

The evidence disclosed, and the jury found in a special verdict, that the appellant held a chattel mortgage on the various fixtures heretofore mentioned, and by virtue of the provisions of his mortgage was entitled to possession of the said fixtures at the time of the alleged damage.

The evidence further disclosed that appellant engaged a mover to possess them for him, and that his connection with the transaction was to point out the various fixtures which his mortgage covered.

Evidence was admitted in the trial in an attempt to prove malice on the part of the appellant toward the tenant, and to further prove that he was a party to the claimed willful and wanton conduct of the mover in the removal of the fixtures and injury to the building.

It was established beyond peradventure that the relationship of master and servant existed between the appellant and the mover. The evidence was not such, however, that reasonable minds could reasonably conclude that the appellant participated in or authorized the claimed wanton and malicious conduct of the agent in the removal of the fixtures, unless it can be said that the legal relationship in and of itself imposed liability upon the master for the malicious acts of his servant.

On this point, the Supreme Court has stated:

"Exemplary or punitive damages, being awarded not by way of compensation to the sufferer, but by way of punishment to the offender, and as a warning to others, can only be awarded against one who has participated in the offense. A principal, therefore, though, of course, liable to make compensation for injuries done by his agent within the scope of his employment, cannot be held liable for exemplary or punitive damages merely by reason or wanton, oppressive, or malicious intent on the part of the agent. In other words, where that which is tantamount to punitive or exemplary damages is to be recovered by reason of the willful character of the wrongful act, proof of this knowledge and willfulness on the part of the party producing the wrong must be made. The employer cannot be punished for the personal guilt of his servant or agent, unless the employer authorized, ratified, or participated in the wrongdoing."

**Tracy v The Athens & Pomeroy Coal & Land Co., 115 Oh St 298, at p. 302.**

If, from all the evidence, a jury had been justified in finding that ill will and malicious intent existed on the part of the appellant toward the tenant, still there was no evidence that such ill will or malicious intent had any influence on the mover who was engaged to remove the chattels. And certainly no ill will or malice on the part of any one was directed toward the owners of the building, who, as far as the record shows, were on amicable terms with all parties.

Judgment affirmed as to compensatory damages. As to punitive damages, the judgment is reversed, and final judgment in favor of appellant is ordered.

STEVENS, PJ, and WASHBURN, J, concur.

WASHBURN, J., concurring:
I concur in the foregoing opinion and

judgment, and, as an addition reason for such concurrence, I make the following observations:

Evidence was offered questioning the right of Koroncai, the holder of the chattel mortgage, to take possession of the property at the time in question, and as to his unfair dealings with the owner of the chattel property, with the view of establishing that he acted maliciously towards Gyuricza, the owner of the chattel property, or at least that as against him he acted in a wanton disregard of his rights. I am of the opinion that none of such evidence was competent in this action by the owner of the real estate to recover for damages to his real estate. In the case of a tort to the **person** of another, it is not necessary that there be ill will, hostility or wantonness on the part of the wrongdoer toward the person who is injured; in a situation of that kind evidence may be competent to prove that the wrongdoer acted maliciously with the intent of injuring a certain person, and that by so acting he did injure the person bringing the suit although he did not intend to do so.

But, as I understand it, that rule does not obtain in the situation presented by this record, the suit being to recover damages for injury to real property, and the ill will or hostility of the defendant against Gyuricza having no connection with the injury to plaintiff's real estate.

The evidence justified the jury in specifically finding that the defendant had a legal right to take possession of the personal property of Gyuricza, the mortgagor, and that as to him the taking was not illegal or wrongful; and evidence as to the dealings between defendant and Gyuricza was not competent. The prejudice resulting from such evidence is apparent in the verdict of exemplary damages thirteen times greater than the actual compensatory damages.